1
2
3
5
6

Andre L. Verdun (SBN 265436)
The Offices of Andre L. Verdun
C/O 401 West "A" Street, Ste. 1100
San Diego, CA 92101
Tel. (619) 880-0110
Fax. (866) 786-6993
Andre@VerdunLaw.com

Attorneys for Plaintiff
KYLE WISHNER

7

8              **UNITED STATES DISTRICT COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10

11   **KYLE WISHNER,** an individual**,**          Case #: 2:16-cv-02832

12              Plaintiff,                          *Assigned to Hon. Judge*
                                                    *Michael W. Fitzgerald*
13        vs.

14

15   **WELLS FARGO BANK, NA** and           **JOINT RULE 26(f) REPORT**
     **DOES 1 through 10**, inclusive,

16                                           DATE: August 1, 2016
17              Defendant.                   TIME: 11:00 a.m.
                                             DEPT.:   1600
18

19

20   The parties hereby submit to the Court our Joint Rule 26(f) Report:

21        A. <u>Statement of the Case</u>:

22             i. <u>Plaintiff's case</u>: Wells Fargo made over 100 telephone calls to

23                Plaintiff's cell phone, after being told he could not afford to pay

24                a debt and to stop calling, in violation of the California Fair Debt

25                Collection Practices Act, the Telephone Consumer Protection

26                Act, and related common law.

27             ii. It is the pattern and practice, and the business plan of

28                Defendant to place repeated and continuous telephone calls to

07685.1640/8136459.1                    -1-

**JOINT RULE 26(f) REPORT**

*WISHER v. WELLS FARGO, N.A.*                        *2:16-cv-02832-MWF-SK*

consumers in an abusive and intrusive manner, which conduct has the natural consequence to annoy, oppress, harass and abuse. See *Wolfe v. Wells Fargo,* 14-cv-00472-JCS (April 7, 2014), *Italiano v. Wells Fargo*, 13-cv-01323 (June 7, 2013); *Babida v. Wells Fargo Bank, N.A.*, Case# 11O-CV-184728 (Santa Clara Superior Court 2010), *Vierra v. Wells Fargo*, 112-cv-226437 (Santa Clara Superior Court 2012); *Wyatt v. Wells Fargo*, Case# 110-CV-175840 (Santa Clara Superior Court 2010); *Walker v. Wells Fargo*, Case# 111-CV-203386 (Santa Clara Superior Court 2011).

iii. <u>Defendant's case</u>: Defendant denies Plaintiff's allegations and denies any liability to Plaintiff in this case. Defendant contends that Plaintiff's claims are barred by the class action settlement in *Franklin v. Wells Fargo Bank, N.A.,* No. 3:14-cv-02349-MMA-BSG, filed October 3, 2014 (S.D. Cal.). Apart from Plaintiff's claims being barred by *Franklin,* Defendant contends Plaintiff provided consent to be called. Defendant also denies it violated the TCPA, RFDCPA, any related common law or any other law. Defendant also denies it violated Plaintiff's privacy or way negligent in any way.

B. <u>Subject Matter Jurisdiction</u>: For the Telephone Consumer Protection Act claim, jurisdiction of this Court arises under 28 U.S.C. § 1331. See, *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 742 (2012). Supplemental jurisdiction exists for the state law claims of the Rosenthal Fair Debt Collection Practices Act, Invasion of Privacy – Intrusion on Seclusion, Negligent Infliction of Emotional Distress, and Negligent Training and Supervision pursuant to 28 U.S.C. § 1367.

**JOINT RULE 26(f) REPORT**

*WISHER v. WELLS FARGO, N.A.*                                          *2:16-cv-02832-MWF-SK*

1  Since Defendants conduct business within the State of California,
2  personal jurisdiction is established in this Court. Venue is proper
3  pursuant to 28 U.S.C. 1391.

5  Defendant asserts that this matter is subject to binding arbitration per
6  the arbitration clause in Plaintiff's credit card agreement.

7  C. Legal Issues:

8  • Plaintiff's Statement of Legal Issues:

9  o (1) Whether or not the Defendant violated the TCPA?

10  o The issues involved in a TCPA violation are:

11  ▪ Whether Plaintiff was called on his cell phone by Defendant
12    using an automated dialer?

13  ▪ Whether Defendant left a voice mail for Plaintiff using an
14    artificial voice?

15  ▪ Whether Defendant had prior consent to call the Plaintiff on
16    his cell phone?

17  ▪ If Defendant had prior consent, whether Plaintiff revoked that
18    consent?

19  o (2) Whether or not the Defendant violated the FDCPA?

20  o The issues involved in a FDCPA violation are:

21  ▪ Whether Plaintiff is a consumer?

22  ▪ Whether the debt at issue was used for personal, family, or
23    household purposes?

24  ▪ Whether Defendant extends consumer credit in the normal
25    course of its business?

26  ▪ Whether Defendant violated any portion of the FDCPA when
27    it called Plaintiff over 100 times when he asked them to
28    stop?

07685.1640/8136459.1                    -3-

**JOINT RULE 26(f) REPORT**

*WISHER v. WELLS FARGO, N.A.*                    *2:16-cv-02832-MWF-SK*

- Whether Defendant acted in a conscious disregard of Plaintiff's rights.
- Defendant's Statement of Legal Issues:
  - The Parties are in dispute over the alleged violations of the TCPA 47 U.S.C. § 227, the RFDCPA, CAL. CIV. CODE § 1788, invasion of privacy, negligent infliction of emotional distress, and negligent supervision by Defendant, Wells Fargo Bank, N.A., which Plaintiff contends stem from the collection practices that Defendant engaged in while attempting to collect consumer debt. Additionally, the Parties dispute whether Plaintiff is entitled to any damages. The legal issue in this matter include:
    - Whether Defendant called Plaintiff using an automated telephone dialing system;
    - The total number of calls "made" within the meaning of the TCPA;
    - Whether Plaintiff gave consent to be called by Wells Fargo;
    - Whether Plaintiff ever revoked consent to be called;
    - Whether the alleged calls to Plaintiff were harassing;
    - Whether Defendant made any misleading statements in an attempt to collect a debt;
    - Whether Defendant had impermissible communications with third parties;
    - Whether Defendant's actions intruded on Plaintiff's private affairs and whether those intrusions were offensive;
    - Whether Defendant failed to exercise ordinary care in attempting to collect a debt from Plaintiff;
    - Whether Defendant was negligent in training its employees;

**JOINT RULE 26(f) REPORT**

*WISHER v. WELLS FARGO, N.A.*                          *2:16-cv-02832-MWF-SK*

- ▪ Whether Plaintiff suffered any damages;
- ▪ Whether this action belongs in arbitration; and
- ▪ Whether Plaintiff's claims are barred by the class action settlement in *Franklin v. Wells Fargo Bank, N.A.*, No. 3:14-cv-02349-MMA-BSG, filed October 3, 2014 (S.D. Cal.).

D. <u>Parties, Evidence, etc</u>.:

A list of parties, percipient witnesses and key documents on the main issues in the case. For conflict purposes, corporate parties must identify all subsidiaries, parents and affiliates.

*Parties*

Kyle Wishner

Wells Fargo Bank, N.A.

Additional Statement by Plaintiff:

*Defendant's Debt Collectors (Defendant has yet to provide last names, addresses and phone number as required by Fed. R. Civ. P. 26):*

Glenda

Priscilla

Brenda

Bonnie

Lisa Ann

Brad

Dawn

Amber

Devon

07685.1640/8136459.1                    -5-

**JOINT RULE 26(f) REPORT**

*WISHER v. WELLS FARGO, N.A.*                    *2:16-cv-02832-MWF-SK*

*Other consumers, former employees, harassed by Defendant:*

Marilyn Walker, San Jose, CA

Theresa Babida, San Jose, CA

Judy Vierra, Morgan Hill, CA

Charles Ryan Italiano, San Diego, CA

Jessie and Dawn Wolfe, Brentwood, CA

Sharon Wyatt, San Jose, CA

Additional Statement by Defendant

Wells Fargo denies that it harassed any of the aforementioned persons or that their claims are relevant in any way to Plaintiff's claims, or that their purported testimony is in any way relevant or admissible in this matter.  Additionally, Wells Fargo believes that Plaintiff's inclusion of these persons in this report is inappropriate.

E. <u>Damages</u>:

Plaintiff's Statement:

Under the TCPA, Plaintiff is entitled to $500 per phone call for negligent violations of the law, and treble damages if Plaintiff can prove willfulness. Plaintiff believes it can prove willfulness. If all other elements are proven, Plaintiff need only prove the number of calls made, and multiply the number of calls by either $500 or $1,500.

Under the California Rosenthal Fair Debt Collection Practices Act, Plaintiff is entitled to up to $1,000 plus actual damages. Actual damages is also at issue in the other common law claims. Cases similar to this one where actual damages were awarded provided recovers in the following amounts:

**JOINT RULE 26(f) REPORT**

*WISHER v. WELLS FARGO, N.A.*                     *2:16-cv-02832-MWF-SK*

Actual damages (i.e. emotional distress, anxiety, etc.) and punitive damages are difficult to quantify and will be determined by a jury. A jury awarded a husband and wife $100,000 in actual damages (emotional distress), and $400,000 in punitive damages, caused by a debt collector's violations of the FDCPA and related claims. *Fausto v. Credigy et al.*, 07-05658 JW (Docket# 408, April 3, 2009). A San Jose judge awarded a consumer $50,000 for actual damages/emotional distress caused by a debt collector's violation of the FDCPA and related claims. *Panahiasal v. CreditCare*, 2007 U.S. Dist. LEXIS 17269 (N.D. Cal. 2007).

Defendant's Statement:

Defendant denies that Plaintiff has been damaged in any amount. Defendant seeks an award of the costs of this action and reasonable attorney's fees pursuant to Cal. Civ. Code §§ 1788.17 (15 U.S.C. § 1692k(a)(3)) and Cal. Civ. Code § 1788.30(c)).

F. Insurance: No insurance.

G. Motions: Further discovery could lead to amendments. The deadline for amendments will be January 31, 2017. Additionally, Defendant intends to file a motion to compel arbitration if Plaintiff will not consent to arbitrate this matter. Defendant will also file a motion to enforce the *Franklin* class action settlement, if necessary.

07685.1640/8136459.1

-7-

**JOINT RULE 26(f) REPORT**

*WISHER v. WELLS FARGO, N.A.*                    *2:16-cv-02832-MWF-SK*

H. <u>Manual for Complex Litigation</u>: No part of the procedures of the Manual for Complex Litigation should be utilized.

I. <u>Status of Discovery</u>: Plaintiff has provided his Rule 26(f) initial disclosures, and intends to serve written discovery and notice depositions imminently.

Defendant will serve its initial disclosures by July 25, 2016.

J. <u>Discovery Plan</u>: Plaintiff will serve written discovery and notice depositions next week.  Defendant contends that discovery is premature, as this matter is subject to arbitration.

<u>Plaintiff's Statement:</u>

Plaintiff requests an Order for Defendant to produce the following documents and information, which has been ordered other federal courts in California at the Rule 26(f) scheduling conference:

    i. Collection logs/account notes and auto-dialer logs.[1]
    ii. Phone bills and telephone records relating to calls place to Plaintiff.[2]
    iii. Collections and auto-dialer procedure manuals,[3]

---

[1] *Wells v. GC Services, L.P.*, Case Management Conference Order, 06-03511 RMW, Docket #13, (N.D. Cal. 2006); *Jachetta v. Capio Partners, LLC*, 12-CV-3410 LHK, Docket #18 (N.D. Cal. 2012); and *De La Torre v. Legal Recovery Law Office, 12-CV-02579  LAB WMC* (S.D. Cal. December 17, 2013); *Pacheco v. WebBank,* 13-05964 BLF (N.D. Cal. June 19, 2013)
[2] *Id.*
[3] *Wells v. GC Services Ltd.,* Docket #13, 06-03511 RMW (N.D. Cal. September 20, 2006); *De La Torre v. Legal Recovery Law Office, 12-CV-02579  LAB WMC* (S.D. Cal. December 17, 2013)

07685.1640/8136459.1                                    -8-

**JOINT RULE 26(f) REPORT**

*WISHER v. WELLS FARGO, N.A.*                                    *2:16-cv-02832-MWF-SK*

iv. Identify the name, city and state of Defendant's corporate
representative (Fed. R. Civ. P. 30(b)(6).[4]

<u>Defendant's Statement</u>:
Defendant objects to Plaintiff's request for an "order for Defendant to
produce documents" outside of the discovery process.  Defendant
believes discovery on the following subjects will be appropriate:
- The number of calls at issue and the purpose of any such calls;
- Any actions taken or statements made by Plaintiffs in conjunction
  with such calls or any other communications between Plaintiff and
  Defendant regarding his credit card;
- The extent those communications constitute consent and/or
  revocation; and
- Plaintiff's alleged damages, if any.
- Defendant reserves the right to conduct discovery on any other
  issues related to the subject-matter of this action, as needed.

In an effort to reduce costs and fees Plaintiff proposes that
depositions  be conducted by remote video or phone. *Guillen v. Bank
of America, Corp., 2011 U.S. Dist. LEXIS 97966* (N.D. Cal. August
31, 2011).  Defendant agrees to confer with Plaintiff about this
request in the context of specific depositions once any are set.

K. <u>Discovery Cut-off</u>: May 31, 2017

L. <u>Expert Discovery</u>:  June 30, 2017

M. <u>Dispositive Motions</u>: Issues that Plaintiff believes may be determined
by motion for summary judgment or motion *in limine are as follows:*
None at this time. Defendant reserves its right to file a motion for
summary judgment.

N. <u>Settlement/Alternative Dispute Resolution (ADR)</u>: Upon receipt of the
standard essential discovery courts routinely order debt collectors to

---

[4] *Jachetta v. Capio Partners*, Docket# 18, 12-03140 LHK (N.D. Cal. October 3, 2012).

07685.1640/8136459.1          -9-

**JOINT RULE 26(f) REPORT**

*WISHER v. WELLS FARGO, N.A.*          *2:16-cv-02832-MWF-SK*

produce at Rule 26(f) conferences Plaintiff will be in better position to make a settlement demand, and would like to attend mediation.

O. <u>Trial Estimate</u>:

    i.  Plaintiff: Plaintiff believes that it will call approximately 7-12 witnesses. Plaintiff requests a jury trial of 5-7 days, and will be prepared to discuss in detail the estimate.

    ii.  Defendant: Defendant estimates it will call 2-3 witnesses. Defendant requests a jury trial of 3-5 days.

P. <u>Trial Counsel</u>:

    i.  <u>Plaintiff</u>: Andre L. Verdun, Esq.

    ii.  <u>Defendant</u>: Mark D. Lonergan, Esq. and Courtney C. Wenrick, Esq.

Q. <u>Independent Expert or Master</u>: The parties do not believe it is necessary to appoint a master pursuant to Rule 53 or an independent scientific expert.

R. <u>Timetable</u>: See EXHIBIT A, attached.

S. <u>Other issues</u>: None at this time.

Dated: **July 18, 2016**

                              /s/ Andre L. Verdun    \_
                              Andre Verdun,
                              Attorneys for Plaintiff
                              KYLE WISHNER

**JOINT RULE 26(f) REPORT**

*WISHER v. WELLS FARGO, N.A.*          *2:16-cv-02832-MWF-SK*